UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

IN RE:   Dennis & Ann Joly                                    Case #09-13401-MWV
                    Debtors                                              Chapter 13

ORDER CONFIRMING CHAPTER 13 PLAN
AND
ORDER SETTING DEADLINES FOR CERTAIN ACTIONS

After notice and due consideration regarding the confirmation of the Debtors' Chapter 13 Plan, the Court finds that the Plan complies with all provisions of the United States Bankruptcy Code and that it is in the best interests of all creditors, the Debtors and the estate.

It is hereby ORDERED that the Debtors' Chapter 13 Plan dated September 2, 2009 is confirmed as filed or as modified at the plan confirmation hearing, subject to (i) resolution of actions to determine the avoidability, priority, or extent of liens, (ii) resolution of all disputes over the amount and allowance of claims entitled to priority, (iii) resolution of actions to determine the allowed amount of secured claims, and (iv) resolution of all objections to claims.  Terms of the Debtors' Plan not expressly modified by this order are incorporated in this order and made a part hereof by reference.

**I.  The Court retains jurisdiction to make such other and further orders as may be necessary or appropriate to effectuate the plan and this order.**

   A.  The Debtors shall make payments of $413.00 per month for 58 months, commencing September 30, 2009.  The total of all Plan payments will be $23,954.00.  In addition, any annual tax refunds received in excess of $1,200.00 shall be remitted to the Chapter 13 Trustee as additional Plan payments.

   B.  The Plan is confirmed on an interim basis to provide payment to secured and priority creditors pursuant to their timely filed claims.  The Trustee is authorized to make distributions to such creditors from plan payments with percentage fee.  The amount available for allowed unsecured claimants will be determined following notice and hearing after the bar date for filing claims has passed.

**C. The claims as of the date of this motion are as follows:**
1. Internal Revenue Service (priority; per Proof of Claim)      4,961.00
2. Town of Londonderry (priority claim of $12,423.00 payable
    at 0% per Proof of Claim)                                  12,423.00
3. Chase Auto Finance (secured arrearage; per Proof
    Proof of Claim)                                               333.00
4. Chapter 13 Trustee fees and expenses                         2,395.40

**D. Secured claims with regularly scheduled payments to be made directly by the debtors:**

Citizens Bank (residential first mortgage re 65 Adams Road, Londonderry, New Hampshire)

Citizens Bank (residential second mortgage re 65 Adams Road, Londonderry, New Hampshire)

Chase Auto Finance (auto loan re 2009 Hyundai Sonata)

GMAC (auto loan re 2008 Chevrolet Silverado)

HSBC/Polaris (loan re 2003 snowmobile)

**II. Special Provisions:**

1. The debtors shall surrender the 2005 Yamaha Grizzly ATV to its lienholder, HSBC Bank Nevada, N.A.

**III. It is FURTHER ORDERED as follows:**

A. If the Plan contemplates litigation or the sale of assets as a source of funding, the Debtors shall file application(s) to employ the necessary professionals within 30 days of the date of this order.

B. As soon as practicable after the claims bar date, but no later than 90 days thereafter, the Debtors or the Trustee shall file a Motion to Allow Claims and, if warranted, a Motion to Avoid Judicial Liens. Upon entry of an Order on such motion(s), the Plan shall be deemed amended to conform to the Order. If the Motion to Allow Claims is not filed within that time, the Court may order the Debtor to show cause why the case should not be dismissed or converted or why an order should not enter allowing all claims as filed. Failure to file a motion seeking avoidance of judicial liens within the time provided by this paragraph does not bar such a motion at a later time.

C. Except as otherwise addressed in the Motion to Allow Claims, all objections to claims, all actions to determine the avoidability, priority or extent of liens, all actions concerning the allowance or amount of claims entitled to priority under Sec. 507, and all actions to determine value of collateral pursuant to Sec. 506, shall be filed no later than 30 days after the Motion to Allow Claims.

**ORDER:**

After due consideration, the Debtors' Plan dated September 2, 2009 is hereby confirmed.

_____/s/ Mark W. Vaughn_____
Bankruptcy Judge

January 15, 2010